IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
ROLAND I. KEHANO, SR.,          )    CIV. NO. 20-00071 LEK-RT
#A0134841,                      )
                                )    DISMISSAL ORDER
        Plaintiff,              )
                                )
    vs.                         )
                                )
SCOTT HARRINGTON, DEP'T OF      )
LAND AND NAT. RESOURCES,        )
HAWAIIAN HOMELANDS, HAWAIIAN    )
LAND USE COMMISSION, SIERRA     )
CLUB OF HAWAII, NAT'L OCEANIC   )
ATMOSPHERIC ADMINISTRATION,     )
DAVID Y. IGE,                   )
                                )
        Defendants.             )
                                )
```

**<u>DISMISSAL ORDER</u>**

Before the court is pro se Plaintiff Roland I. Kehano, Sr.'s prisoner civil rights complaint.[1] Because Kehano submitted neither the civil filing fee for commencing this action nor an *in forma pauperis* ("IFP") application, the Clerk of Court issued an automatic Deficiency Order.

For the following reasons, the Deficiency Order is VACATED and this action is DISMISSED without prejudice for Kehano's

---

[1] Kehano seeks an order requiring the State of Hawaii to adopt "the New Sovereign Native Hawaiian Tribal Council's Constitution, Article I through Article XIV for the Betterment for the Native Hawaiians, Hawaiians-at-Heart, and all Locals to have the 30 Meter Telescope Built on Mauna Kea." Compl., ECF No. 1 at 1.

1

failure to concurrently pay the civil filing fee when he brought this action to this court.

## I. 28 U.S.C. § 1915(g)

Kehano has accrued more than three strikes pursuant to 28 U.S.C. § 1915(g) and he has been repeatedly notified of these strikes.[2] He may not, therefore, proceed without concurrent payment of the civil filing fee unless his pleadings show that he was in imminent danger of serious physical injury at the time that he brought this action. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053, 1055 (9th Cir. 2007); *see also Andrews v. King*, 398 F.3d 1113, 1116 (9th Cir. 2005) (allowing court to consider its own records to determine previous dismissals and requiring notice to the prisoner of these dismissals before denying IFP under § 1915(g)).

The Court has reviewed the Complaint, and nothing within it suggests that Kehano is or was in imminent danger of serious physical injury when he filed this action or that there is a continuing practice that injured him in the past that poses an "ongoing danger" to him now. *Cervantes*, 493 F.3d at 1056.

---

[2] *See, e.g.*, *Kehano v. Pioneer Mill Co.*, 1:12-cv-00448 (D. Haw. Dec. 6, 2012) (dismissing for failure to state a claim); *Kehano v. Espinda*, No. 1:12-cv-00529 (D. Haw. Oct. 24, 2012) (dismissing for failure to state a claim, notifying affirmance would constitute a strike, and listing Kehano's previous two strikes in Arizona); *Kehano v. State*, No. 2:04-cv-00935 (D. Ariz. Oct. 25, 2005) (dismissing for failure to state a claim); *Kehano v. State*, No. 2:05-cv-02475 (D. Ariz. Sept. 8, 2005) (dismissing for failure to state a claim).

Rather, Kehano's claims, which seek recognition of a "Native Hawaiian Tribal Council Constitution," and the sovereignty of native Hawaiians and others, and seek an order requiring the State to approve construction of the Thirty Meter Telescope on Mauna Kea, are frivolous. *Cf.*, *United States v. Lorenzo*, 995 F.2d 1448, 1456 (9th Cir. 1993) (rejecting claims that the litigants are members of the Kingdom of Hawaii, stating, "The appellants have presented no evidence that the Sovereign Kingdom of Hawaii is currently recognized by the federal government"); *Simeona v. United States*, 2009 WL 2025319, at *2 (D. Haw. July 10, 2009) (finding such claims "patently frivolous").

Kehano may not proceed in this action without concurrent payment of the civil filing fee, and any request for IFP status is DENIED. *See Kehano v. Harrington*, 787 F. App'x 964 (Dec. 16, 2019) (affirming denial of IFP status and dismissal of action under § 1915(g), for Kehano's failure to allege facts showing that he was in imminent danger of serious physical injury when he brought action to court without prepayment of fee).

## II. CONCLUSION

(1) Any request to proceed IFP is DENIED, and this action is DISMISSED without prejudice to Kehano's filing these claims in a new action with concurrent payment of the filing fee. Kehano is NOTIFIED, however, that his claims herein are subject to summary dismissal as frivolous.

(2) The February 10, 2020 Deficiency Order, ECF No. 2, is VACATED. The Clerk of Court is DIRECTED to enter judgment and

close this case.  The Court will take no action on any documents filed herein that are unaccompanied by the civil filing fee, beyond processing a notice of appeal.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, February 21, 2020.



    /s/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

*Kehano v. Harrington, et al.,* No. 209-cv-00071 LEK-RT; 3 Stks '20